# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50191
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO RELLAN PEREZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-1384-1

_____

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

Fernando Rellan Perez pleaded guilty to one count of conspiracy to transport aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), and (a)(1)(B)(i), and one count of transporting aliens for financial gain, in violation of § 1324(a)(1)(A)(ii) and (a)(1)(B)(i).  As a result, the district court ordered the criminal forfeiture of $17,279, a 2006 Freightliner truck, and a

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

trailer.  On appeal, Rellan Perez argues that the district court's forfeiture order is excessive under the Eighth Amendment.  We review this question of law de novo.  *See United States v. Wallace*, 389 F.3d 483, 485 (5th Cir. 2004).

The Excessive Fines Clause of the Eighth Amendment limits the Government's power to punish some offenses by extracting payments, whether in cash or in kind.  *Austin v. United States*, 509 U.S. 602, 609-10 (1993).  "Forfeitures—payments in kind—are thus 'fines' if they constitute punishment for an offense."  *United States v. Bajakajian*, 524 U.S. 321, 328 (1998).  A punitive forfeiture is constitutionally excessive "if it is grossly disproportional to the gravity of a defendant's offense."  *Id.* at 334.  In making the proportionality determination, we consider: "(a) the essence of the defendant's crime and its relationship to other criminal activity; (b) whether the defendant was within the class of people for whom the statute of conviction was principally designed; (c) the maximum sentence, including the fine that could have been imposed; and (d) the nature of the harm resulting from the defendant's conduct."  *United States v. Suarez*, 966 F.3d 376, 385 (5th Cir. 2020).

As an initial matter, forfeiture orders related to the proceeds of a crime are not considered punishment and therefore fall outside the ambit of the Eighth Amendment.  *United States v. Betancourt*, 422 F.3d 240, 250-51 (5th Cir. 2005).  Because the district court found, and Rellan Perez does not dispute, that the $17,279 found in his truck's cabin is proceeds of the conspiracy to transport aliens, it is not subject to an Eighth Amendment analysis.  *See id.*

Further, Rellan Perez has failed to show that the forfeiture of the Freightliner truck and trailer—valued at $100,269—is grossly disproportional to the gravity of his offense.  *See Bajakajian*, 524 U.S. at 334.  The record reflects that Rellan Perez used a special skill—his commercial

No. 24-50191

driver's license and ability to drive a tractor-trailer—to facilitate his illegal transportation of 15 aliens within the United States for private financial gain. As the district court noted, the circumstances surrounding the offense suggest that Rellan Perez's participation was planned and that he had "a higher level of understanding of the operation." Rellan Perez squarely fits the class of people for whom § 1324 was designed, *see* 8 U.S.C. § 1324(a)(1)(A)(ii), and he created a substantial risk of death or serious bodily injury by cramming 15 aliens, including a 10-year-old child, into the sleeper area of his truck. Finally, the value of the forfeited property is below both the statutory maximum fine and the maximum fine authorized by the Sentencing Guidelines. In light of the foregoing, the forfeiture is not excessive under the Eighth Amendment. *See Suarez*, 966 F.3d at 385-88.

The judgment of the district court is AFFIRMED.